**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01520-CV

**ERIC DRAKE, Appellant**

**V.**

**TRAVELERS INDEMNITY COMPANY,
CONSUMERS COUNTY MUTUAL INSURANCE,
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C., MARCIE SCHOUT,
MATTHEW KITA, WILLIAM LANCE LEWIS, AND TERESA GRAY, Appellees**

**On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 13-01062-C**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

Eric Drake appeals from a summary judgment entered in the 68th Judicial District Court in favor of Travelers Indemnity Company, Consumer County Mutual Insurance, Quilling, Selander, Lownds, Winslett & Moser, P.C., Teresa Gray, Marcie Schout, Matthew Kita, and William Lance Lewis. In three issues, appellant contends Judge Moyè, Judge of the 14th Judicial District Court, erred in (1) transferring his case to the 68th Judicial District Court after he had filed a motion to recuse Judge Moyè, (2) failing to follow proper procedures with respect to his motion to recuse, and (3) granting the motion to dismiss filed by Quilling, Selander, Lownds, Winslett & Moser, P.C., Schout, Kita, and Lewis (collectively "Quilling"). We

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

overrule Drake's first two issues, do not address the third issue, and affirm the trial court's judgment.

Quilling represented Travelers Indemnity Company and Consumers County Mutual Insurance Company in two prior lawsuits involving Drake. Drake sued appellees along with Jane Doe A and B, investigators involved with his insurance claim. This lawsuit was filed in the 14th Judicial District Court. Quilling moved to dismiss certain claims pursuant to section 27.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (West 2015). On May 2, 2013, the trial court granted the motion and dismissed all of Drake's claims against Quilling arising from statements allegedly made by Schout in open court and statements allegedly made by Kita relating to depositions. On that same date, Judge Moyè also signed an order transferring the case to the 68th Judicial District Court. At 3:30 p.m. on May 2, 2013, Drake filed a motion to recuse Judge Moyè.

Appellees filed a motion for summary judgment on the remaining claims in the 68th Judicial District Court. The trial court granted their motion on July 15, 2013. On September 30, 2013, the trial court granted appellees' motion to sever, severing the claims against Jane Doe A and B in order to allow the summary judgment to become final. That summary judgment is the subject of this appeal.

In his first two issues, Drake contends the proper procedures set forth in rule of civil procedure 18a were not followed after he filed his motion to recuse Judge Moyè. Specifically, Drake contends Judge Moyè transferred the case "to avoid his recusal." Drake contends that he filed his recusal motion before Judge Moyè signed the order transferring the case to the 68th Judicial District Court.

On appeal, we indulge in every presumption in favor of the regularity of the proceedings and documents in the trial court. *See Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d

441, 444 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The burden is on the party challenging the proceeding to overcome this presumption. *Id.*

Judge Moyè signed the order granting the lawyer defendants' motion to dismiss and the order transferring the case on May 2, 2013. Drake filed his motion to recuse at 3:30 p.m. on May 2, 2013. When he filed the motion to recuse, the clerk changed "14th" to "68th." Applying the presumption of regularity, the record before this Court suggests that when Drake filed his motion to recuse Judge Moyè, the case had already been transferred to the 68th Judicial District Court. Drake has pointed to nothing in the record that disputes the case was transferred prior to the time he filed the motion to recuse. Accordingly, we overrule Drake's issues one and two.

In his third issue, Drake contends Judge Moyè erred in granting Quilling's motion to dismiss pursuant to chapter 27 of the civil practice and remedies code. At the time that order was entered, appeals from such orders were governed exclusively by section 27.008 of the civil practice and remedies code. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, 2011 Tex. Gen. Laws 961, 963 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.008 (West 2015)). That section provided an appeal had to be filed within sixty days of the date the order was signed. The appeal here was filed five months after the order was signed.[2] Accordingly, we have no jurisdiction to address Drake's third issue in this appeal from the summary judgment in favor of appellees.

---

[2] We note Drake separately appealed that order and that appeal was docketed as appellate cause number 05-13-00871-CV. He did not raise in that appeal any issue concerning the order.

Because Drake has raised no issue regarding the propriety of the summary judgment, we affirm the trial court's judgment.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

131520F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ERIC DRAKE, Appellant

No. 05-13-01520-CV        V.

TRAVELERS INDEMNITY COMPANY,
CONSUMERS COUNTY MUTUAL
INSURANCE, QUILLING, SELANDER,
LOWNDS, WINSLETT & MOSER, P.C.,
MARCIE SCHOUT, MATTHEW KITA,
WILLIAM LANCE LEWIS, AND
TERESA GRAY, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. 13-01062-C.
Opinion delivered by Justice O'Neill.
Justices Brown and Stoddart, participating.

In accordance with this Court's opinion of this date, the trial court's judgment is
**AFFIRMED**.

It is **ORDERED** that appellees, TRAVELERS INDEMNITY COMPANY,
CONSUMERS COUNTY MUTUAL INSURANCE, QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C., MARCIE SCHOUT, MATTHEW KITA, WILLIAM LANCE
LEWIS, AND TERESA GRAY, recover their costs of this appeal from appellant ERIC DRAKE.

Judgment entered this 8th day of May, 2015.